Where defendant was accused, under Pen. Code 1911, art. 1353, of having stolen a horse, evidence that, when he took possession thereof, he did so under claim of ownership, telling witnesses that he had bought the animal, is insufficient to require submission of the issue whether defendant was guilty of willfully driving stock from its accustomed range under Pen. Code 1911, art. 1356.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 180, 181; Dec. Dig. ☞68(1).]

Appeal from District Court, Crosby County; W. R. Spencer, Judge.

Willis Hudson was convicted of larceny, and he appeals. Affirmed.

J. W. Burton, of Crosbyton, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of theft of a horse, the property of C. D. Caldwell, and his punishment assessed at two years' confinement in the state penitentiary.

No exceptions were reserved to the introduction of any testimony, and no exceptions reserved to the charge of the court. However, appellant in his motion for a new trial complains that the court erred in not submitting the issue of whether or not appellant was guilty of willfully driving stock from its accustomed range as defined in article 1356 of the Penal Code, claiming the evidence raised that issue, and, if they so found, to acquit him, as he was charged with theft of the horse under article 1353.

According to our view of the testimony, there was no evidence raising that issue. It is true there is a suggestion the animal might have been on the range when he took possession of it, but the evidence and all the evidence is that, when he took possession he did so under a claim of ownership, telling two men that he had bought the animal from a man he did not know, near Lubbock.

This issue was fairly submitted in the charge, and the judgment is affirmed.

---

GALINDO v. STATE. (No. 3982.)

(Court of Criminal Appeals of Texas. March 8, 1916.)

1. CRIMINAL LAW ☞1090(17)—BILL OF EXCEPTIONS—MOTION IN ARREST.

A record which contained neither a statement of fact nor a bill of exceptions presented nothing for review on appeal except a ruling on motion in arrest, on the ground that the indictment was fatally defective.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3204; Dec. Dig. ☞1090(17).]

2. INTOXICATING LIQUORS ☞216 — INDICTMENT—SUFFICIENCY.

An indictment for violation of the local option liquor prohibition law in selling beer need not allege that the beer was an intoxicating liquor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 230–233; Dec. Dig. ☞216.]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

Pancho Galindo was convicted of a violation of the local option liquor prohibition law, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted for the violation of the local option liquor prohibition law, a felony, and his punishment assessed at the lowest prescribed by law.

[1, 2] There is neither a bill of exceptions

nor a statement of facts in the record. The only question, in the absence of these, which can be reviewed is appellant's motion in arrest of judgment, wherein he contends that the indictment is fatally defective, in that the liquor alleged to have been sold by appellant was beer, contending that in addition to such allegation, it is necessary to allege that beer was an intoxicating liquor. This question has been expressly decided against appellant in Moreno v. State, 64 Tex. Cr. R. 660, 143 S. W. 156, Ann. Cas. 1914C, 863. Hence the court did not err in overruling his motion.

The judgment will be affirmed.